NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1567-15T4

STATE OF NEW JERSEY,

 Plaintiff-Appellant,

v.

GUNNAR WAHLSTROM,

 Defendant-Respondent.

_________________________________

 Submitted April 24, 2017 – Decided May 11, 2017

 Before Judges Nugent and Haas.

 On appeal from Superior Court of New Jersey,
 Law Division, Morris County, Municipal Appeal
 No. 14-056.

 O'Donnell McCord, P.C., attorneys for
 appellant (Gregory D. Emond, of counsel and
 on the brief).

 Gunnar Wahlstrom, respondent pro se.

PER CURIAM

 The State appeals from an October 27, 2015 Law Division order

dismissing on trial de novo four municipal complaints citing

defendant Gunnar Wahlstrom for violations of a property

maintenance ordinance. The Law Division judge dismissed the
complaints after finding they provided inadequate notice of the

alleged violations, thus depriving defendant of due process.

Because defendant never argued he had been deprived of due process,

and because the Law Division judge decided the case on due process

grounds sua sponte, we reverse and remand the matter to afford the

parties the opportunity to brief and orally argue the issue.

 This action has a protracted procedural history. In July

2014, an East Hanover Township code enforcement officer issued a

complaint to defendant charging him with a violation of the

Township's property maintenance ordinance. The following month,

the Township's municipal court judge (JMC) dismissed the complaint

as procedurally deficient.1 When the JMC dismissed the complaint

he told defendant, "he is going to do it right the next time

. . . . [H]e's going to refile . . . the complaint."

 In October 2014, the code enforcement officer filed four more

property maintenance complaints against defendant. Each form

complaint contained a section requiring the officer to provide a

description of the offense. In that section of each complaint was

handwritten, "Violation of Property Maintenance." Each complaint

1 The record on this appeal does not precisely identify the
procedural defect in the complaint. During argument before the
Law Division, the municipal prosecutor said the complaint
consisted of "one single ticket and it had all four violations
listed on it."

 2 A-1567-15T4
also cited a section of the Township Code: Complaint No. 00391

cited 119A-13-F-6; Complaint No. 00392 cited 119A-13-F-8;

Complaint No. 00393 cited 119A-13-E; and Complaint No. 000394

cited 119A-13-F-3. None of the complaints included a factual

description of the violations.

 Defendant moved to dismiss the new complaints, contending his

prosecution following the dismissal of the original complaint

placed him in double jeopardy. The JMC denied the motion. At

trial, the JMC found defendant guilty of all four offenses.

However, the trial proceedings were not recorded due to a

malfunctioning recording device. Accordingly, on appeal, the Law

Division remanded the matter to municipal court to reconstruct the

record or, if the record could not be reconstructed, for a new

trial. On remand to municipal court, the cased was tried again.

 One week before the new trial, defendant filed a second motion

to dismiss the complaints based on double jeopardy. On February

26, 2015, the JMC denied defendant's motion but nonetheless granted

defendant an adjournment to review the State's opposing brief.

The trial took place on March 17, 2015.

 At trial, the only witness was the code enforcement officer

who testified the first complaint charged defendant with violating

Ordinance § 119A-13-F-6, prohibiting the storage of trailers and

construction equipment on residential property. He introduced

 3 A-1567-15T4
photographs of a trailer and a car jack beneath a vehicle's flat

tire as evidence that defendant violated the ordinance.

 The second complaint charged defendant with violating

Ordinance § 119A-13-F-8, which prohibits parking an uninspected

vehicle on residential property. The code enforcement officer

introduced photographs of vehicles with overdue inspection

stickers parked on defendant's lawn as evidence of the ordinance

violation.

 The third complaint charged defendant with violating

Ordinance § 119A-13-E, which governs residential property

maintenance. As evidence that defendant violated this ordinance,

the code enforcement officer introduced photographs of defendant's

property depicting a loose-hanging gutter, a rusty door, and no

gutter on defendant's garage. The code enforcement officer used

the photographs to show that soffits, leaders, and gutters needed

to be installed and the garage needed paint.

 The fourth complaint charged defendant with violating

Ordinance § 119A-13-F-3, which requires stored vehicles to be in

operating condition and prohibits the performance of mechanical

and body repair work on residential property. The code enforcement

officer introduced a photograph of an inoperable vehicle on a car

jack to show that defendant had engaged in mechanical or body

repair work on his property in violation of this ordinance.

 4 A-1567-15T4
 Defendant declined to testify. The JMC reserved decision.

On April 2, 2015, the JMC issued a written opinion and read his

findings into the record. He found defendant guilty on each

complaint. The JMC reasoned defendant continued to maintain his

property in a deplorable condition in violation of the property

maintenance code, undermined the preservation of his property,

created a blight on his neighborhood, and encouraged safety and

fire hazards. The JMC noted that rather than remediate the

conditions, defendant consistently disregarded his obligations.

 The judge imposed a total fine of $1432 and directed defendant

to remediate the violations within thirty days or face a $50 fine

per day. Defendant appealed to the Law Division.

 In his brief to the Law Division, defendant raised three

arguments: his prosecution on the four complaints placed him in

double jeopardy; the municipal ordinance does not specify a penalty

for the sections he was charged with violating; and the JMC, by

giving advice to the code enforcement Officer, had joined the

prosecution. In response, the State argued: defendant's appeal

should be dismissed as untimely; double jeopardy did not bar his

retrial or convictions; and defendant did not raise before the

trial court his contention the ordinance did not specify a penalty,

and in any event, the contention was wrong. Defendant submitted

a reply brief arguing the State's brief was untimely and the

 5 A-1567-15T4
reissuance of the four complaints after the dismissal of the first

complaint violated court rules prohibiting the amendment of

complaints after thirty days.

 The Law Division judge rejected defendant's argument that

double jeopardy barred his trial and retrial. The judge also

rejected defendant's argument that the municipal ordinance did not

provide a penalty for the sections he allegedly violated.2

 Turning to the State's arguments, the Law Division judge

exercised his discretion to hear the appeal, although it was filed

two days out of time. The judge noted the Municipal Appeal Filing

Response Letter, completed by the Municipal Appeals Clerk,

informed defendant the appeal had been successfully filed. The

judge determined "a dismissal in the eleventh hour of the appeal's

procedural lifespan would threaten the interests of justice in the

speedy disposition of charges."

 The judge next stated: "Additionally, this [c]ourt has

carefully considered [d]efendant's argument challenging the

State's flawed, if not improper, method of serving its [c]omplaints

on [d]efendant. This [c]ourt is somewhat concerned by the State's

(repeated) failure to issue a sufficiently detailed and thorough

[c]omplaint to defendant." The judge did not cite to the portion

2 Defendant has not filed a cross-appeal from those determinations.

 6 A-1567-15T4
of the record containing defendant's argument challenging the

State's method of service.

 The judge explained that the municipal ordinance contained

"significant errors in the sequencing and numbering of

subsections" resulting in confusion about which section is

intended to be specified in a complaint. Additionally, the four

complaints issued to defendant stated only that he was charged

with a "violation of property maintenance." The complaints

contained no factual specificity. These circumstances, according

to the Law Division judge, violated defendant's right to due

process. Based on the due process violations, the judge dismissed

the complaints. The State appealed from the implementing order.

 The State raises three arguments on appeal: the Law Division

judge erred by not dismissing defendant's untimely appeal; the Law

Division judge erred by dismissing the complaints on due process

grounds because defendant never raised that issue; and,

defendant's due process rights were not violated, and in any event,

that issue was outside the scope of de novo review.

 We agree with the State that the Law Division judge dismissed

the complaints on an issue defendant did not expressly present.

For that reason, we reverse and remand for further proceedings.

 As previously noted, the Law Division judge did not identify

where in the record defendant had raised the due process claim

 7 A-1567-15T4
upon which he based his opinion. Although one could arguably

discern from the record the fundament of such an argument, the

State was entitled to fair notice of the claim so that it could

prepare a response for consideration by the court, as it has done

in its appellate brief. The State, as well as defendant, was

entitled to due process. "[D]ue process requires an opportunity

to be heard at a meaningful time and in a meaningful manner." Doe

v. Poritz, 142 N.J. 1, 106 (1995); see also McKeown-Brand v. Trump

Castle Hotel & Casino, 132 N.J. 546, 558 (1993) (quoting Mullane

v. Central Hanover Trust Co., 339 U.S. 306, 313, 70 S. Ct. 652,

657, 94 L. Ed. 865, 873 (1950)) ("At a minimum, due process

requires notice and an opportunity to be heard 'appropriate to the

nature of the case.'"). Here, the State was not afforded a

reasonable opportunity to be heard in a meaningful way with respect

to the issue on which the trial court dismissed its complaints

against defendant.

 For these reasons, we vacate the Law Division order dismissing

the complaints. We remand the matter to the Law Division to permit

the parties to file briefs on the issue of due process and to

argue their respective positions. Our opinion should not be

construed as restricting in any way the arguments the parties may

present on the issue, nor should it be construed as suggesting in

any manner how the due process issue should be decided. If the

 8 A-1567-15T4
Law Division judge decides the issue differently, he shall, if

necessary, determine defendant's guilt or innocence based on

undecided issues, if any, and the record before him, applying the

appropriate standard of review.

 We reject the State's argument that the Law Division judge

erred by failing to dismiss defendant's appeal as untimely,

substantially for the reasons expressed by the trial judge in his

written opinion.

 The order dismissing the State's complaints is vacated. The

matter is remanded to the Law Division for further proceedings

consistent with this opinion. We do not retain jurisdiction.

 9 A-1567-15T4